UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA CYPHERT and MILT CYPHERT, Individually and on Behalf of All Others Similarly Situated, | No. 12-cv-01592-JAH-RBB <br><br> <u>CLASS ACTION</u> |
| Plaintiffs, | |
| vs. | |
| THE SCOTTS MIRACLE-GRO COMPANY, et al., | |
| Defendants. | |
| DAVID KIRBY, | No. 12-cv-1729-JAH-RBB |
| Plaintiff, | |
| vs. | |
| THE SCOTTS MIRACLE-GRO COMPANY, | |
| Defendant. | |

[Caption continued on following page.]

ORDER GRANTING JOINT MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING PLAINTIFFS' CO-LEAD COUNSEL

| | | |
|---|---|---|
| 1 | EDITH SALKELD, ) | No. 12-cv-1728-JAH-RBB |
| 2 | Plaintiff, ) | |
| 3 | vs. ) | |
| 4 | THE SCOTTS MIRACLE-GRO COMPANY, ) | |
| 5 | Defendant. ) | |
| 6 | MARGARET BRUMFIELD, et al. ) | No. 12-cv-1901-JAH-RBB |
| 7 | Plaintiffs, ) | |
| 8 | vs. ) | |
| 9 | THE SCOTTS MIRACLE-GRO COMPANY, ) | |
| 10 | Defendant. ) | |

This Court, having considered the Joint Motion for Order Consolidating Cases and Appointing Plaintiffs' Co-Lead Counsel, and good cause appearing,

**IT IS HEREBY ORDERED** that:

1. The following actions are hereby consolidated for all purposes:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Cyphert v. SMG, et al.* | 12-cv-1592-JAH-RBB | June 27, 2012 |
| *Salkeld v. SMG* | 12-cv-1728-JAH-RBB | July 13, 2012 |
| *Kirby v. SMG* | 12-cv-1729-JAH-RBB | July 12, 2012 |
| *Brumfield v. SMG* | 12-cv-1901-JAH-RBB | June 13, 2012 |

2. The caption of this consolidated action shall be "*In re Morning Song Bird Food Litigation*," and the files of this consolidated action shall be maintained in the lead case, case Number 12-cv-1592 JAH (RBB).

3. The organizational structure of Plaintiffs' counsel established by this Order shall bind Plaintiffs' counsel in the consolidated action, including any action subsequently governed by this Order as described herein.

4. The Court appoints the following law firms to act on behalf of Plaintiffs in the consolidated actions, including any plaintiffs subsequently governed by this Order, with the responsibilities hereinafter prescribed: Robbins Geller Rudman & Dowd LLP and Dowd & Dowd P.C.

5. Plaintiffs' Co-Lead Counsel shall have authority to speak for all Plaintiffs in matters regarding pre-trial, trial, and settlement negotiations. Plaintiffs' Co-Lead Counsel shall have day-to-day responsibility for the conduct of the consolidated litigation; shall determine how to prosecute the case; and shall initiate, coordinate and supervise the efforts of Plaintiffs' counsel in the consolidated action in the areas of discovery, briefing, trial, and settlement.

6. Plaintiffs' Co-Lead Counsel may delegate responsibility for specific tasks to other Plaintiffs' counsel in the consolidated action in a manner to assure that pretrial preparation is conducted effectively, efficiently and economically; shall assist in maintaining communication

among counsel; and shall monitor the activities of Plaintiffs' counsel to assure that schedules are met and unnecessary expenditures of time and money are avoided. Plaintiffs' Co-Lead Counsel shall maintain the official service list of all Plaintiffs and Plaintiffs' counsel in the consolidated action, including their addresses. Plaintiffs' Co-Lead Counsel shall perform whatever any additional functions that may be assigned to them by the Court. Agreements reached between Defendants and Plaintiffs' Co-Lead Counsel are binding on all Plaintiffs and their counsel. No discovery shall be served, and no motion shall be filed, by any Plaintiffs' counsel without the consent of Plaintiffs' Co-Lead Counsel, unless leave of Court is obtained.

7. Nothing in this Order shall constitute a waiver or limitation of the Defendants' rights to claim that a named entity is an improper party, lacks personal jurisdiction, has any Rule 12 of the Federal Rules of Civil Procedure defenses or objections, or should be dismissed, and the Defendants expressly reserve any defenses, claims, or objections under applicable law to any claims, complaints, filings, or allegations made in the complaints already filed or which may be subsequently filed. Nor shall anything in this Order restrict or modify any Defendant's right to move for or request separate trials, proceedings, or determinations at any stage under Rule 42 of the Federal Rules of Civil Procedure or applicable law.

8. Plaintiffs shall file a Consolidated Complaint within 28 days of the date that this Order is filed. Defendants need not respond to the complaints already filed in the above-referenced actions.

9. Defendants shall answer or otherwise respond to the Consolidated Complaint within 90 days of service thereof.

**IT IS SO ORDERED**.

DATED: September 10, 2012

_____
THE HONORABLE JOHN HOUSTON
UNITED STATES DISTRICT JUDGE