| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>JASON A. FORGE (181542)<br>RACHEL L. JENSEN (211456)<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br>jforge@rgrdlaw.com<br>rjensen@rgrdlaw.com<br>       – and –<br>PAUL J. GELLER<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL  33432<br>Telephone:  561/750-3000<br>561/750-3364 (fax)<br>pgeller@rgrdlaw.com | DOWD & DOWD P.C.<br>DOUGLAS P. DOWD<br>ALEX R. LUMAGHI<br>211 North Broadway, Suite 4050<br>St. Louis, MO  63102<br>Telephone:  314/621-2500<br>314/621-2503 (fax)<br>doug@dowdlaw.net<br>alex@dowdlaw.net |

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MORNING SONG BIRD FOOD LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Lead Case No. 3:12-cv-01592-JAH-RBB<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO COMPEL RULE 26(f) CONFERENCE<br><br>JUDGE:   Hon. Ruben B. Brooks<br>DATE:    January 28, 2013<br>TIME:    10:00 a.m.<br>CTRM:    B – First Floor |

797756_1

## I. INTRODUCTION

Plaintiffs understand that they are swimming upstream with this motion. That their request may be out of step with local practices. But local practices are no substitute for local rules and they do not trump federal rules. This is a significant case against a confessed crooked corporate defendant, and plaintiffs cannot risk compromising any of the evidence against defendants out of fear of backlash from the assertion of their right to gather that evidence.

For years, defendant Scotts Miracle-Gro ("Scotts") used a special ingredient to prolong the shelf life of its wild bird food. There was only one drawback: it rendered the food toxic. The pesticide that Scotts used clearly warned that "Exposed treated seeds are hazardous to birds and other wildlife. Dispose of all excess treated seeds and seed packaging by burial away from bodies of water." Scotts took a different approach. It bagged up the seeds and sold them as "premium" wild bird food. It took the government nearly four years to expose Scotts's crime, and earlier this year Scotts admitted that from late 2005 to early 2008, it had knowingly and illegally applied this poison to over 70 million bags of bird food, which it sold through subsidiaries to an unsuspecting public. Scotts further admitted that it did so, despite being explicitly warned by a pesticide chemist and an ornithologist working for Scotts about the potential threat to birds from using this pesticide in the bird food Scotts was selling nationwide. Plaintiffs were among, and represent, the victims of this fraud.

Scotts concealed its criminal acts for years, and we all know that over time, memories fade and documents are lost or destroyed. Plaintiffs have diligently pursued discovery by conferring with defendants on every topic listed in Rule 26(f) of the Federal Rules of Civil Procedure. They have proposed a reasonable discovery plan and have submitted that plan to the Court. Plaintiffs even offered to limit their initial discovery to the following: (1) the documents that were already produced in the criminal case against Scotts; and (2) depositions of five former employees, whom Scotts has already admitted had direct knowledge of its criminal conduct. Defendants have acknowledged plaintiffs' efforts and proposals, but have refused to respond to them or to meet to discuss them. Based on the express language of Federal Rules 26(f)(1) and 37(f), as well as Local Civil Rule 83.4.a.1.f., plaintiffs respectfully request that the Court compel defendants to do so.

## II. STATEMENT OF FACTS[1]

On November 16, 2012, plaintiffs' counsel wrote a Rule 26(f) conferral letter to defense counsel. Among other things, the letter set forth plaintiffs' proposed discovery plan (including eight discrete subjects of discovery), offered to meet anytime to discuss any of the Rule 26(f) topics, and set November 30, 2012 as a target date for submitting a discovery plan to the Court. Several letters from both sides followed. Throughout this correspondence, defendants refused to confer in good faith because they assert a unilateral right to stay discovery in this case. On December 10, 2012, in an effort to avoid having to file this motion, and any real burden to defendants, plaintiffs offered to limit their initial discovery as described above. Defendants refused to discuss this compromise.

## III. ARGUMENT

### A. There Is No Automatic Stay of Discovery in This Case

The premise of this case is about as simple and sound as it gets: people would not buy wild bird food if they knew it was hazardous to birds and other wildlife. Scotts has already pled guilty to a federal crime, in which it admitted to knowingly and illegally treating its bird feed with an pesticide that rendered it hazardous to birds and other wildlife. In light of this exceptional backdrop, there is no need to subject this case to the same procedural skepticism that others may face. Yet, defendants steadfastly insist that they have the right to assert unilaterally a PSLRA-style automatic stay of discovery. No statute provides defendants with this power. Nor does any Federal Rule of Civil Procedure. Nor does any Local Civil Rule.

Instead, the federal and local rules are meant to expedite litigation. "Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). *See also* CivLR 41.1(a) ("Actions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution . . . .").

---

[1] In light of the Court's 5-page limit for this brief, including declarations and exhibits, plaintiffs will bring to the hearing on this motion all documents containing the quotes in this brief.

1   Contrary to defendants' perspective, "the Federal Rules of Civil Procedure does not provide
2   for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed,
3   district courts look unfavorably upon such blanket stays of discovery." *Mlejnecky v. Olympus*
4   *Imaging Am., Inc.*, 2:10-CV-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)
5   (citing *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, No. CIV S-07-0142 LKK GGH, 2007
6   WL 1146607, at *2 (E.D. Cal. Apr.18, 2007); *In re Valence Tech. Sec. Litig.*, No. C 94-1542-SC,
7   1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994); *Skellercup*, 163 F.R.D. at 600-01). Of course,
8   here, defendants' position is even more extreme in that they asserted an automatic discovery stay
9   with ***no*** potentially dispositive motion pending.

10   **B.     Federal Rules of Civil Procedure 26(f) and 37(f) Require Defendants
             to Confer With Plaintiffs**

11   Far from an automatic discovery stay, the federal rules provide very simple steps for
12   initiating the discovery process:

> **(d)     Timing and Sequence of Discovery**.
>
> **(1) Timing**. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ,
>
> \*          \*          \*
>
> **(f)     Conference of the Parties; Planning for Discovery**.
>
> **(1)     Conference Timing**. Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable---and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Fed. R. Civ. P. 26(d)(1) and (f)(1). Also contrary to defendants' position, participation in a Rule 26(f) conference is not subject to the whim of either party:

> **(f)     Failure to Participate in Framing a Discovery Plan.** If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

Fed. R. Civ. P. 37(f).

The Local Civil Rules include "**Civil Rule 26.1 Deposition and Discovery**," which does not alter or affect Fed. R. Civ. P. 26(d)(1) or 26(f)(1) in any manner. Regarding Federal Rule 26(f)'s

1  mandate that "the parties must confer as soon as practicable" "except . . . when the court orders
2  otherwise," the Court has *not* ordered otherwise in this case and nowhere in the Local Civil Rules is
3  there such an order.  In fact, Local Civil Rule 83.4.a.1.f. ("Professionalism") expressly directs that
4  "[a]n attorney in practice before this court will . . . Subject to the additional provisions of Fed. R.
5  Civ. P. 26 and Civil Local Civil Rule 26.1, communicate with opposing counsel in an attempt to
6  establish a discovery plan and a voluntary exchange of non-privileged information."

7  Defendants' position appears to be based on a misreading of Federal Rule 26(f) and Local
8  Civil Rule 16.1.c.2.b.  In their initial refusal to participate in the mandated Rule 26(f) conference,
9  defendants' counsel wrote, "As you know, the Rule 26(b) conference is triggered by the scheduling
10 of a Rule 16(b) scheduling conference.  *See* Rule 26(f)(1)."  This assertion is plainly wrong, as
11 demonstrated by the actual language of Rule 26(f)(1).  After plaintiffs' counsel pointed out this
12 misreading, defendants responded with another, "the Local Rules have the Rule 26(f) conference
13 occurring after the ENE.  *See* Local Civil Rule 16.1.c.2.b."  Despite defendants' citation, Local Civil
14 Rule 16.1.c.2.b. says nothing of the sort.  In fact, the only reference to Rule 26(f) in the local rules is
15 within the Patent Local Rules, which require the parties to conduct their Rule 26(f) conference "***No***
16 ***later than*** twenty-one (21) days ***before*** the ENE . . . ."  *See* Patent L.R. 2.1(a) (emphasis added).

17     **C.**    **A Stay of Discovery Requires a Strong Showing**

18 Defendants' self-declared stay of discovery stands in marked contrast to the standards
19 applied by every court to consider *requests* to stay discovery.  As noted above, "district courts look
20 unfavorably upon such blanket stays of discovery." *Mlejnecky*, 2011 WL 489743, at *6.  *Mlejnecky*
21 was an opinion from the Eastern District of California, which observed that "a motion for a
22 protective order seeking to preclude discovery must be supported by 'good cause' and a 'strong
23 showing.'" *Id.* (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  Similarly,
24 in the Northern District of California, a "party seeking a stay of discovery faces a heavy burden of
25 making a 'strong showing' why discovery should be denied." *Valence*, 1994 WL 758688, at *2 (also
26 citing *Blankenship*, 519 F.2d at 429); *see also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40
27 (N.D. Cal. 1990) ("The moving party must show a particular and specific need for the protective
28 order, as opposed to making stereotyped or conclusory statements.").  Likewise, in the Central

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

District of California, "'[s]uch general arguments [that discovery should be stayed pending the outcome of a dispositive motion] could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions.'" *Skellerup*, 163 F.R.D. at 600 (quoting *Gray*, 133 F.R.D. 39, 40).

District courts throughout the Ninth Circuit recognize that requests to stay discovery pending a dispositive motion require good cause and may not be effectively granted by one party to a case. *See, e.g.*, *Vivendi, S.A. v. T-Mobile USA, Inc.*, C06-1524JLR, 2007 WL 1168819, at *1 (W.D. Wash. Apr. 18, 2007) (party seeking stay carries a "heavy burden" of making a "strong showing" and courts apply a "case-by-case analysis"); *Gleason v. Cheskaty*, CV94-66-S-EJL, 1995 WL 560139, at *7 (D. Idaho June 22, 1995) ("Court may [stay discovery pending determination of motion to dismiss] only for 'good cause' shown and 'when it is convinced that the plaintiff will be unable to state claim for relief.'" (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *Norm Thompson Outfitters, Inc. v. Starcrest Prod. of California, Inc.*, CIV. 03-1149-H, 2004 WL 957774, at *3 (D. Or. May 4, 2004) (by "refus[ing] to participate in the discovery process, arguing that discovery should be stayed pending resolution of the Motion to Dismiss. Essentially, defendant has granted itself a stay of discovery without plaintiff's consent or the court's approval . . . .").

Defendants' self-declared stay of discovery prior to even filing a motion to dismiss makes a mockery of the careful analysis a ***request*** to stay discovery demands. *See Skellerup*, 163 F.R.D. 598 at 601 (setting forth several factors court should consider for the "required" case-by-case analysis). The most appropriate response to this sense of entitlement is an order compelling defendants simply to act in good faith by conferring as required. *See, e.g.*, *ING Bank, fsb v. Fazah*, CIV S-09-1174-WBS-EFB-PS, 2009 WL 3824751, at *3 (E.D. Cal. Nov. 16, 2009); *Shock v. CDI Affiliated Servs., Inc.*, CV-09-635-S-BLW, 2010 WL 672148, at *6 (D. Idaho Feb. 20, 2010); *see also OMG Fid., Inc. v. Sirius Technologies, Inc.*, 239 F.R.D. 300, 306 (N.D.N.Y. 2006) ("interjection of delay into litigation for the mere sake of delay serves no useful purpose").

DATED: December 17, 2012                 ROBBINS GELLER RUDMAN & DOWD LLP

                                                         s/ JASON A. FORGE
                                                           JASON A. FORGE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
PAUL J. GELLER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

DOWD & DOWD P.C.
DOUGLAS P. DOWD
ALEX R. LUMAGHI
211 North Broadway, Suite 4050
St. Louis, MO  63102
Telephone:  314/621-2500
314/621-2503 (fax)

Co-Lead Counsel for Plaintiffs

THE DRISCOLL FIRM, P.C.
JOHN J. DRISCOLL
211 N. Broadway, Suite 4050
St. Louis, MO  63102
Telephone:  314/932-3232
314/932-3233 (fax)

Addition Counsel for Plaintiffs