UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE MORNING SONG BIRD FOOD
LITIGATION,

Lead Case No.:  12cv01592 JAH - AGS

**ORDER DENYING SCOTTS
DEFENDANTS' MOTION TO
DISMISS AND DENYING
DEFENDANT HAGEDORN'S
MOTION FOR
RECONSIDERATION
[Doc. Nos. 344, 345]**

Pending before the Court is Defendants The Scotts Miracle-Gro Company ("SMG") and The Scotts Company LLC's ("Scotts LLC) (collectively "Scotts Defendants") motion to dismiss or, in the alternative, motion for partial judgment on the pleadings and Defendant James Hagedorn's motion for reconsideration, or in the alternative, motion for judgment on the pleadings.  The motions are fully briefed by the parties.  Upon review of the parties' submissions, and for the reasons discussed below, the Court DENIES the Scotts Defendants' motion and DENIES Defendant Hagedorn's motion.

**I.  Scotts Defendants' Motion**

The Scotts Defendants move to dismiss the out-of-state Plaintiffs' and class member's claims, including Counts V-VII and IX in their entirety and Counts I, VII, X and XI in part for lack of personal jurisdiction based upon the holding in Bristol-Myers Squibb

Co. v. Superior Court of California, 137 S.Ct 1773 (2017). They further seek an order limiting any further proceedings to the California Plaintiffs and appropriate class members.

In opposition, Plaintiffs argue Defendants have waived any challenge to personal jurisdiction, and, even assuming there is no waiver, Bristol-Myers is not applicable.

Defendants maintain their motion is procedurally proper because Federal Rule of Civil Procedure 12(g)(2) permits a defendant to file a second motion to dismiss when it raises a defense or objection that was not available to the party at the time its earlier motion to dismiss was made. Defendants contend an intervening change in Supreme Court jurisprudence made a new personal jurisdiction defense available that was unavailable at the time they filed their first Rule 12 motion. They maintain Bristol-Myers significantly restricts the circumstances under which specific personal jurisdiction may be exercised by this Court over the Scotts Defendants with respect to the out-of-state Plaintiffs' claims with insufficient connections to California.

Plaintiffs argue Defendants waived any personal jurisdiction challenge when they failed to assert such a defense in their Rule 12 motion filed at the outset of the case. Plaintiffs contend Defendants had at least five different opportunities in the past five years to challenge this Court's jurisdiction but did not. They argue, by appearing before this Court for the past five years and filing numerous motions seeking this Court's protection and adjudication of Plaintiffs' claims on the merits, Defendants have either waived or should be estopped from now raising any challenge to this Court's exercise of personal jurisdiction over them.

Additionally, Plaintiffs argue Bristol-Myers does not constitute an intervening change in controlling law. They maintain the Court in Bristol-Myers expressly stated that it was not changing the law. Further, they contend Defendants fail to identify any relevant binding Ninth Circuit or Supreme Court precedent that foreclosed the personal jurisdiction challenge they now say is purportedly available under Bristol-Myers. Plaintiffs maintain it is not enough for Defendants to say they believed any such challenge would have been futile because Defendants know how to preserve an issue.

In reply, Defendants maintain <u>Bristol-Myers</u> changed the reach of California's long-arm statute by rejecting the "sliding scale" methodology for personal jurisdiction and abrogated pendent personal jurisdiction. They contend they "promptly" filed this motion after the <u>Bristol-Myers</u> decision was published.

A party waives the defense of lack of personal jurisdiction if it omits it from a previous motion filed under Rule 12 or fails to raise the issue in its responsive pleading. FED.R.CIV.P. 12(h); <u>see</u> <u>also</u> <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986). There is no dispute the Scotts Defendants did not raise lack of personal jurisdiction in their initial motion to dismiss. Defendants, however, claim <u>Bristol-Myers</u> is an intervening change in controlling law permitting them to raise the issue for the first time in the pending motion. <u>Bristol-Myers</u> involved a mass tort action with over 600 individual plaintiffs, most of whom were not residents of California, seeking relief under state law for injuries allegedly caused by the drug Plavix. 137 S.Ct at 1777. The Court analyzed the assertion of jurisdiction by the state court and its compatibility with the due process clause of the Fourteenth Amendment, and determined California courts did not have specific jurisdiction to entertain the nonresident plaintiffs' claims.

This Court finds <u>Bristol-Myers</u> is not an intervening change in controlling law. In reaching its decision, the Court explicitly stated "settled principles regarding specific jurisdiction control[led] the case" and further described its holding as a "straightforward application" of those settled principles. 137 S.Ct at 1781, 1783. The Court noted the California court's use of a sliding scale was not supported by precedent, including the Supreme Court's decision in <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915 (2011), which required a connection between the forum and underlying controversy to support specific jurisdiction. <u>Id</u>. at 1781. Contrary to Defendants' assertion, the Court did not change personal jurisdiction jurisprudence but applied "settled principles" in reaching its decision.

Furthermore, Defendants were not prevented from asserting lack of jurisdiction as to the named nonresident Plaintiffs prior to the ruling in <u>Bristol-Myers</u>. See <u>Abrams Shell</u>

v. Shell Oil Co., 165 F.Supp.2d 1096, 1107 n.5 (C.D.Cal. 2001) ("Notwithstanding the relaxation of venue and personal jurisdiction requirements as to unnamed members of a plaintiff class, it is by now well settled that these requirements to suit must be satisfied for each and every named plaintiff for the suit to go forward."). Therefore, the defense was available to them at the time they filed their original motion.

Accordingly, Defendants have waived a personal jurisdiction challenge by failing to raise the issue in their initial motion to dismiss. Bristol-Myers does not afford Defendants any new relief under specific jurisdiction jurisprudence. Defendants' motion to dismiss, or in the alternative, motion for a judgment on the pleadings is DENIED.

## II. Defendant Hagedorn's Motion

Defendant Hagedorn seeks an order reconsidering the Court's denial of his motion to dismiss for lack of personal jurisdiction in light of the Supreme Court's ruling in Bristol-Myers. In the alternative, he seeks dismissal of claims brought by non-California Residents who do not allege their injuries occurred in California.

In opposition, Plaintiffs argue Bristol-Myers is not an intervening change in controlling law warranting reconsideration of the Court's prior order denying Defendant Hagedorn's motion to dismiss for lack of jurisdiction. They further argue Defendant is not entitled to judgment on the pleadings because Bristol-Myers is inapplicable.

## A. Motion for Reconsideration

Defendant seek reconsideration of the Court's previous order denying his motion to dismiss for lack of personal jurisdiction pursuant to Rule 54(b). Under Rule 54(b), district courts have the inherent authority to reconsider interlocutory rulings at their discretion until a final judgment is entered. A number of judicial doctrines have evolved to guide courts when reviewing issued interlocutory orders. The "law of the case" doctrine, as well as public policy, dictates that the efficient operation of the judicial system requires the avoidance of re-arguing questions that have already been decided. See Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Most courts, thus, adhere to a fairly narrow standard by which to reconsider their interlocutory opinions and

orders. This standard requires that the party show: (1) an intervening change in the law; (2) additional evidence that was not previously available; or (3) that the prior decision was based on clear error or would work manifest injustice. <u>Paiute Tribe</u>, 882 F.2d at 369 n.5.

This district's Local Rules require a motion for reconsideration "be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." CivLR 7.1.i.2. Defendant recognizes he filed his motion beyond the deadline, however, he contends it was filed within 28 days of the decision in <u>Bristol-Myers</u>, which he argues is an intervening change in controlling law. He further asserts this purported change in the controlling law requires reversal of the Court's prior decision. As discussed above, the Court finds <u>Bristol-Myers</u> is not an intervening change in controlling law. As such, Defendant' motion for reconsideration is untimely.

Additionally, Defendant does not assert the existence of additional evidence not previously available, and as discussed below, Defendant fails to demonstrate the prior decision was based on clear error or is necessary to prevent manifest injustice. Accordingly, the motion for reconsideration is DENIED.

**B. Judgment on the Pleadings**

In the alternative, Defendant seeks judgment on the pleadings for lack of personal jurisdiction. Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." FED.R.CIV.P. 12(c). Judgment on the pleadings is proper only when there is no unresolved issue of fact and no question remains that the moving party is entitled to a judgment as a matter of law. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989); <u>Honey v. Distelrath</u>, 195 F.3d 531, 532-33 (9th Cir. 1999). The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions. <u>See</u> <u>Hal Roach Studios, Inc.</u>, 896 F.2d at 1550. Thus, the allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. <u>Id</u>

Defendant contends the decision in <u>Bristol-Myers</u> requires the claims against him be dismissed for lack of personal jurisdiction because it clarified that a state's long arm statute cannot confer specific personal jurisdiction over a non-resident defendant with respect to claims brought by non-resident plaintiffs, where the defendant's relevant conduct did not occur in the subject forum and the non-resident plaintiffs did not suffer harm in the subject forum.  He maintains this Court relied on his alleged involvement during an October 2007 meeting, which took place in Ohio in determining personal jurisdiction in the previous motion and <u>Bristol-Myers</u> demonstrates the Court's analysis was mistaken.  He maintains absent a showing that non-California Plaintiffs suffered injury or economic loss arising from his conduct in California, this Court cannot exercise specific personal jurisdiction over him with regard to the non-resident Plaintiffs' claims and with regard to non-resident class member claims.

Additionally, Defendant argues this Court has no specific personal jurisdiction over him with respect to claims brought by California residents.  He contends the Court engaged in the sliding scale approach rejected by Bristol-Myers in reaching its prior decision.

In opposition, Plaintiffs maintain it is the law in the Ninth Circuit that there must be a "but for" link between the claims and the forum and this Court explicitly found Defendant purposefully directed his conduct towards California and that the claims result from Defendant's forum-related activities.  Thus, they argue, this Court carefully considered the relevant law and arguments before rejecting Defendant's prior jurisdictional challenge.  They maintain Defendant's current motion seeks to rehash his personal jurisdiction arguments that this Court previously considered and rejected.

Plaintiffs contend, even assuming <u>Bristol-Myers</u> changed the law, it is not applicable here.  They maintain while <u>Bristol-Myers</u> involved an appeal from a non-class action case brought on behalf of mostly non-residents in a California state court for state law claims only, here, the parties are in federal court and litigating a nationwide federal Racketeer Influenced and Corrupt Organizations Act ("RICO") class claim.  They further maintain

the Supreme Court specifically left open the question of whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court. Plaintiffs argue, under its express limitation to state court cases, Bristol-Myers has no application to this federal court case. Additionally, Plaintiffs contend Bristol-Myers has no bearing on the RICO class claim. They maintain Defendant tries to bootstrap Bristol-Myers to argue the Court lacks personal jurisdiction as to claims by non-named class members who are not residents of California, but, they argue, this is not supported by Bristol-Myers or prior jurisprudence which determined that federal court jurisdiction does not query the residence of unnamed class members in class actions.

Plaintiffs maintain the only claim pending against Defendant Hagedorn is a federal RICO class claim brought by California class representatives, Laura and Milt Cyphert, and the Second Amended Consolidated Complaint alleges, among other things, the Cypherts purchased their SMG Wild Bird Food products in this District. They contend this Court found Plaintiffs allege Defendant was specifically informed of the illegal pesticide use in October 16, 2007, and continued to make and sell millions of bags of the bird food in this district and elsewhere, as a result of Defendants' illegal scheme and conspiracy. Plaintiffs and the class purchased a product that contained bird poison in this district and throughout California. Plaintiffs argue, under these facts and circumstances, Defendants' (including Defendant Hagedorn's) California-related conduct, including Defendant Hagedorn's, gave rise to the Cypherts' RICO class claim. Accordingly, they argue, this Court may exercise personal jurisdiction over Hagedorn with respect to the RICO class claim.

In reply, Defendant argues Plaintiffs have never identified any activity by Defendant Hagedorn that occurred in California, from which any of Plaintiffs' claims arose. Defendant contends due process under the Fourteenth Amendment is at issue here because the only potential basis for personal jurisdiction is the California long arm statute, which is limited by the Fourteenth Amendment. As such, he argues this case falls squarely within the confines of Bristol-Myers' ruling regarding due process under the Fourteenth Amendment, and does not implicate the "open question" regarding Fifth Amendment due

process.  Even if the Fifth Amendment was at issue here, he maintains, the Ninth Circuit has explicitly treated the due process analysis for personal jurisdiction under the Fifth Amendment and the Fourteenth Amendment the same.  Defendant further maintains Plaintiffs' contention that <u>Bristol-Myers</u> is inapplicable to class members' claims is meritless.

In its order granting in part and denying in part Defendant Hagedorn's motion to dismiss for lack of personal jurisdiction and failure to state a claim, this Court granted the motion as to the state law claims for failure to state a claim and denied the motion as to the RICO claim.  Considering Plaintiffs' allegations of Defendant's direct involvement in the illegal wild bird food enterprise, including his involvement in wild bird food sales and marketing strategies directed to California, and periodic updates to investors during the class period, the Court found the allegations demonstrate he was a participant in the alleged wrongdoing and purposefully directed his conduct toward California.  The Court further found the claims resulted from his forum-related activities and the exercise of jurisdiction was reasonable.  Defendant suggests this Court utilized the "sliding scale approach" the majority in <u>Bristol Myers</u>, found "difficult to square with [its] precedents." <u>Bristol-Myers</u>, 137 S.Ct at 1781.  According to the <u>Bristol-Myers</u> Court, the "sliding scale approach" involved relaxing "the strength of the requisite connection between the forum and the specific claims at issue" if the defendant has other extensive contacts with the forum unrelated to the claim.  <u>Id</u>.  This Court specifically found the claims resulted from Defendant's alleged wrongful forum-related activities.

Additionally, the Court finds <u>Bristol-Myers</u> is inapplicable to this case.  <u>Bristol-Myers</u> involved a state court's exercise of personal jurisdiction over a non-resident defendant as to non-resident named plaintiffs in a mass tort case.  The Court in <u>Bristol-Myers</u>, specifically limited its ruling to the exercise of jurisdiction by a state court and left open the question of whether "the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." <u>Id</u>. at 1784.  Defendant argues the specific jurisdiction analysis here implicates Fourteenth Amendment due process because

the Court must look to California's long-arm statute. California's law arm statute permits the exercise of jurisdiction within limits set by federal due process. <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 134 S.Ct 746, 753 (2014). "[T]he jurisdictional analyses under California state law and federal due process are the same." <u>Axiom Foods, Inc. v. Acerchem International, Inc.</u>, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting <u>Mavrix Photo, Inc. v. Brand Techs., Inc.</u>, 647 F.3d 1218, 1223 (9th Cir. 2011). <u>Bristol-Myers</u> is arguably instructive to federal courts evaluating the exercise of personal jurisdiction under California law.

Nevertheless, the Court finds <u>Bristol-Myers</u> inapplicable to this suit which involves a class action. <u>Bristol-Myers</u> was a mass tort action and it determined the court's exercise of jurisdiction to hear claims by named non-resident plaintiffs. While the claims of the non-resident named plaintiffs were pertinent to the issue of specific jurisdiction in <u>Bristol-Myers</u>, "claims of unnamed class members are irrelevant to the question of specific jurisdiction." <u>AM Trust v. UBS AG</u>, 78 F.Supp.3d 977, 986 (N.D.Cal. 2015). Furthermore, Justice Sotomayor notes, in her dissent, that the majority left open the question of the decision's applicability to class actions. 137 S.Ct. at 1789 n.4 ("The Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there."). This Court declines to extend the holding of <u>Bristol-Myers</u> to this case involving a class action.

Therefore, the Court finds Defendant is not entitled to judgment on the pleadings and this motion is DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. The Scotts Defendant's motion to dismiss or, in the alternative, motion for partial judgment on the pleadings (Doc. No. 344) is DENIED;

//

//

1    2.    Defendant Hagedorn's motion for reconsideration or, in the alternative,
2    motion for judgment on the pleadings (Doc. No. 345) is DENIED.
3    DATED:    March 19, 2018
4
5                                                  _____
6                                                  JOHN A. HOUSTON
                                                   United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28