UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MORNING SONG BIRD FOOD LITIGATION | Case No.: 12-cv-1592-JAH-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL (ECF No. 437) AND HAGEDORN'S MOTION TO COMPEL (ECF No. 446)** |

On June 21, 2018, the Court held a hearing on Defendants Scotts Miracle-Gro Co. and The Scotts Co. LLC's (Scotts) Motion to Compel (ECF No. 446) and Hagedorn's Motion to Compel (ECF No. 446). The motions were granted in part and denied in part as stated on the record. (CD# AGS 6/21/18 4:19:26-6:04:27, 6:11:25-6:22:35.) The Court took under advisement Scotts' Request for Admission No. 7 and Hagedorn's Interrogatory No. 13. To memorialize the Court's order at the hearing and rule on these final discovery requests, the Court issues the following order.

Scotts' Request for Admission No. 7 and Hagedorn's Interrogatory No. 13 are similar. The request for admission, of course, seeks to have plaintiffs admit that they have used products in a manner inconsistent with the instructions on the labels. The interrogatory seeks considerably more in that it asks plaintiffs to describe each instance in which they have done so. Consequently, while the interrogatory seeks a much more detailed response,

both the request for admission and the interrogatory seek discovery on the same information.

Although relevance with regard to discovery is broad and does not concern whether the answer would be admissible at trial, "the purpose of the Rule is to separate the wheat from the chaff and to get down to the real issues in the case." *Johnstone v. Cronlund*, 25 F.R.D. 42, 44 (E.D. Pa. 1960); *see also Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."). Thus, RFAs should be "simple and direct, and should be limited to singular relevant facts." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). RFAs "are not intended to be used as a means of gathering evidence[,]" and they "should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *Johnstone*, 25 F.R.D. at 44. "[T]he fact that the party can explain his answer at trial is of no assistance to sound judicial process." *Id.*

The interrogatory and the request for admission both seek information which does not assist the fact finder. An admission to Request for Admission No. 7 would arguably include relatively minor and/or insignificant deviations from label instructions and is not comparable to the misuse plaintiffs' allege in this lawsuit. The motion to compel as to Scott's Request for Admission No. 7 and as to Hagedorn's Interrogatory No. 13 is DENIED.

For the reasons set out on the record, the Court issues the following additional rulings. The motion to compel Scott's Interrogatory No. 30 (Milt Cyphert No. 28; Kirby and Larson No. 29) is GRANTED. Plaintiffs must supplement their response, identifying the specific misrepresentations plaintiffs allege defendant made.

The motion to compel Scott's Interrogatory No. 33 (Milt Cyphert No. 31; Kirby and Larson No. 32) is GRANTED. Plaintiffs must supplement their response indicating how they evaluate their damages. They are not required to include expert opinions in this

1 | response, but the response must provide a reasonably specific computation as to how
2 | plaintiffs compute their damages.

As to Scott's Interrogatory No. 32 (Milt Cyphert No. 30; Kirby and Larson No. 31), the motion to compel is GRANTED to the extent that plaintiffs must produce the advertisements, indicate what dates and times the advertisements were aired, provide the locations aired, and identify the vendor and/or communications entity which aired them.

As to Scott's Request for Production No. 14, the motion to compel is GRANTED as set forth with respect to Interrogatory No. 32 above.

Finally, as to Scott's Request for Production No. 15, the motion to compel is GRANTED. Plaintiffs must produce any advertisements related to this action that they saw or heard, in whatever medium those advertisements exist or existed.

Request for Admission Nos. 14 and 15 were resolved by agreement.

By July 6, 2018, all ordered discovery must be produced.

**IT IS SO ORDERED**

Dated: June 22, 2018

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE