ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
RACHEL L. JENSEN (211456)
MICHAEL ALBERT (301120)
RACHEL A. COCALIS (312376)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
rjensen@rgrdlaw.com
malbert@rgrdlaw.com
rcocalis@rgrdlaw.com

DOWD & DOWD P.C.
DOUGLAS P. DOWD
ALEX R. LUMAGHI
211 North Broadway, Suite 4050
St. Louis, MO  63102
Telephone:  314/621-2500
314/621-2503 (fax)
doug@dowdlaw.net
alex@dowdlaw.net

THE DRISCOLL FIRM, P.C.
JOHN J. DRISCOLL
CHRISTOPHER QUINN
GREGORY PALS
211 N. Broadway, Suite 4050
St. Louis, MO  63102
Telephone:  314/932-3232
314/932-3233 (fax)

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MORNING SONG BIRD FOOD LITIGATION | Lead Case No. 3:12-cv-01592-JAH-AGS |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | DECLARATION OF RACHEL L. JENSEN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| | DATE:     February 4, 2019 TIME:     2:30 p.m. CTRM:   13B JUDGE:  Hon. John A. Houston |

1511051_1

1    I, RACHEL L. JENSEN, declare as follows:

2    1.    I am an attorney duly licensed to practice before all of the courts of the

3    State of California.  I am a member of the law firm of Robbins Geller Rudman &

4    Dowd LLP, one of the Class Counsel[1] for Plaintiffs in the above-entitled action.

5    2.    My knowledge of the matters herein is based on my active participation

6    in the prosecution and settlement of this consolidated action from commencement to

7    the present (hereinafter, the "Litigation"), as well as my discussions and

8    communications with my colleagues on the prosecution team.  Unless otherwise

9    noted, I could and would competently testify that these facts are true and correct.

10   3.    I submit this declaration in support of Plaintiffs' Unopposed Motion for

11   Preliminary Approval of the Class Action Settlement (the "Settlement").

12   4.    Plaintiffs' claims were zealously litigated from the beginning through

13   Settlement, which was only reached after six years of hard-fought litigation and six

14   weeks before the fact discovery cut-off.  The Settlement was achieved only after

15   Plaintiffs and Class Counsel: (a) successfully opposed multiple motions to dismiss and

16   for judgment on the pleadings; (b) prevailed on class certification, including on a

17   Rule 23(f) petition filed by not only by defense counsel at Jones Day, but also Paul D.

18   Clement and Theodore J. Boutrous, Jr.; (c) litigated multiple discovery motions in this

19   District as well as districts across the country and in the Sixth Circuit; (d) reviewed

20   and analyzed 289,000 pages of documents; (e) took 21 depositions and, at the time

21   this Settlement was reached, were preparing to take the deposition of Defendant James

22   Hagedorn; (f) served and responded to hundreds of written discovery requests;

23   (g) served Freedom of Information Act requests on multiple government agencies;

24   (h) retained and consulted with numerous experts, including about the risks posed by

25   the products, the U.S. Environmental Protection Agency pesticide approval process,

26   damages, and retailer policies and procedures, among other topics, and had drafted

27
[1]    Capitalized terms shall have the same meaning as set forth in the Stipulation of
28   Class Action Settlement ("Agreement"), unless otherwise noted.

1 expert reports in anticipation of the rapidly approaching expert discovery deadlines;
2 and (i) assessed the risks of proceeding on the claims at trial and on appeal.

3      5. The Settlement was negotiated at arm's length and overseen by the
4 former District Judge Layn Phillips (ret.). Like the Litigation, the terms of Settlement
5 were hotly contested and negotiations lasted months even once they started in earnest.

6      6. On November 22, 2013, the Honorable Ruben Brooks presided over an
7 in-person Early Neutral Evaluation Conference, as well as several subsequent in-
8 person or telephonic settlement conferences. The Parties were unable to resolve the
9 Action at any of those times.

10      7. On June 4, 2018, the Parties engaged in a full day of mediation in New
11 York before Judge Phillips, but were unable to reach an agreement to resolve the
12 Action before adjourning for the day. Prior to the mediation, the Parties had
13 submitted mediation briefs with supporting exhibits analyzing the strengths and
14 weaknesses of the respective Parties' claims and defenses.

15      8. In the weeks and months that followed the June 4 mediation, the Parties
16 continued to explore potential resolution of the Action by phone and email with the
17 able assistance of Judge Phillips and his team.

18      9. On August 17, 2018, the Parties executed a term sheet, setting forth the
19 principal terms of settlement between Plaintiffs, on behalf of themselves and the
20 Settlement Class, and Defendants.

21      10. After execution of the term sheet, the Parties spent weeks negotiating the
22 terms of the Agreement and exchanging numerous drafts of the Agreement as well as
23 its exhibits.

24      11. The Parties engaged in a competitive bidding process for the Settlement
25 Administrator, which resulted in the selection of KCC.

26      12. The Parties spent many hours collecting data from certain third-party
27 retailers and preparing it for use in the proposed Notice Plan.

28

1    13.    The prosecution team believed in the merit and strength of Plaintiffs'

2  class claims.  Despite the strength of those claims under applicable law and the facts

3  developed through our investigation and discovery, Class Counsel acknowledge that,

4  as with all complex litigation, there was a risk that a jury may not return a verdict in

5  Plaintiffs' favor.  Further, Defendants have denied liability and damages throughout

6  the Litigation and were prepared to mount a defense prior to, and at, trial.  If the jury

7  did not unanimously accept our claims and reject Defendants' defenses, the Settlement

8  Class would have recovered nothing.  And even if the jury returned a verdict in

9  Plaintiffs' favor, any recovery would likely be delayed by a multi-year appeals

10  process.

11    14.    Based on over six years of litigating this action, my knowledge of the law

12  and the facts, I can confidently say that this Settlement represents an exceptional result

13  for the Settlement Class.  Based on my discussions with others on the prosecution

14  team, that belief is shared by other Class Counsel and Plaintiffs in this case.

15    I declare under penalty of perjury under the laws of the United States of

16  America that the foregoing is true and correct. Executed on December 7, 2018, at San

17  Diego, California.

18

19    s/ Rachel L. Jensen
    RACHEL L. JENSEN

20

21

22

23

24

25

26

27

28

1                            CERTIFICATE OF SERVICE

2        I hereby certify under penalty of perjury that on December 7, 2018, I authorized

3 the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF

4 system which will send notification of such filing to the e-mail addresses on the

5 attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of

6 the foregoing via the United States Postal Service to the non-CM/ECF participants

7 indicated on the attached Manual Notice List.

8                                           s/ Rachel L. Jensen
                                          RACHEL L. JENSEN

9
10                                           ROBBINS GELLER RUDMAN
                                            & DOWD LLP

11                                           655 West Broadway, Suite 1900
                                          San Diego, CA  92101-8498
                                          Telephone:  619/231-1058

12                                           619/231-7423 (fax)

13                                           E-mail:  rachelj@rgrdlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                              3:12-cv-01592-JAH-AGS

# Mailing Information for a Case 3:12-cv-01592-JAH-AGS In Re: Morning Song Bird Food Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  MAlbert@rgrdlaw.com,7223240420@filings.docketbird.com

- **Casteel Elizabeth Borsay**
  cborsay@jonesday.com,cathomas@jonesday.com

- **Jennifer N. Caringal**
  jcaringal@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Rachel A. Cocalis**
  rcocalis@rgrdlaw.com

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Douglas P. Dowd**
  doug@dowdlaw.net,laura@dowdlaw.net,camron@dowdlaw.net

- **John J. Driscoll , IV**
  john@thedriscollfirm.com,chris@thedriscollfirm.com,dawn@thedriscollfirm.com,tiffany@thedriscollfirm.com

- **Marjorie P. Duffy**
  mpduffy@jonesday.com,rfargabrite@jonesday.com

- **Sierra Elizabeth**
  sierra.elizabeth@kirkland.com,dsmith@kirkland.com,ivon.granados@kirkland.com,laura.bay@kirkland.com,ashley.neglia@kirkland.com

- **Mark Filip Filip**
  mark.filip@kirkland.com

- **Irene Fiorentinos**
  ifiorentinos@jonesday.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Allison E. Haedt**
  aehaedt@jonesday.com

- **James Hagedorn**
  mattanasio@cooley.com

- **Mark C. Holscher**
  mark.holscher@kirkland.com,laura.bay@kirkland.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,michelew@rgrdlaw.com,mbacci@rgrdlaw.com,hbrown@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Paul William Johnson**
  paul@thedriscollfirm.com

- **Jeffrey J. Jones**
  jjjones@jonesday.com

- **James Todd Kennard**
  jtkennard@jonesday.com

- **Kevin Lane**
  kevin@dowdlaw.net

- **Alex R. Lumaghi**
  alex@dowdlaw.net,laura@dowdlaw.net

- **Yosef Adam Mahmood**
  yosef.mahmood@kirkland.com

- **Allison K. Ozurovich**
  allie.ozurovich@kirkland.com

- **Gregory J. Pals**
  greg@thedriscollfirm.com,nikki@thedriscollfirm.com

- **Christopher J. Quinn**
  chris@thedriscollfirm.com,nikki@thedriscollfirm.com

- **Jeffrey H. Schultz**
  jeff@thedriscollfirm.com,nikki@thedriscollfirm.com

- **Edward P Swan , Jr**
  pswan@jonesday.com,kphewitt@jonesday.com,kcarcella@jonesday.com

- **Regis C Worley , Jr**
  rworley@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`