UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MORNING SONG BIRD FOOD LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No.<br><br>3:12-cv-01592-JAH-AGS<br><br>CLASS ACTION<br><br>ORDER GRANTING MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT |

WHEREAS, the consolidated action captioned *In re Morning Song Bird Food Litigation*, Lead Case No. 3:12-cv-01592-JAH-AGS, and all of the actions consolidated in and related to it (the "Action") is pending before the Court; and

WHEREAS, the parties to the Action have applied pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed settlement (the "Settlement") in accordance with the Stipulation of Class Action Settlement entered into by the Parties on December 7, 2018 (the "Agreement"), a copy of which was filed with the Court on December 7, 2018, and have consented to the entry of this Preliminary Approval Order; and

WHEREAS, the parties to the Action filed a joint motion for substitution of revised notices for preliminary approval of the Settlement on January 9, 2019, attaching as Exhibits 1 and 2 proposed revised versions of the Long-Form Notice

and Publication Notice to be substituted for the Notices previously submitted with the preliminary approval motion as Exhibits D and G to the Stipulation, respectively; and

WHEREAS, the Court having reviewed the Agreement, its Exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in this Action, and being otherwise fully advised, and good cause appearing therefor.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The capitalized terms used in this Order shall have the same meanings as defined in the Agreement unless otherwise specified or defined in this Order.

2. The parties' joint motion for substitution of revised notices is GRANTED.

3. For purposes of the Settlement only, the Court certifies the Settlement Class, which consists of all Persons who, between November 1, 2005 and May 1, 2008, purchased and have not yet received a full refund for their Morning Song Bird Food purchases. "Morning Song Bird Food" means any Scotts wild bird food product containing Storcide II, Actellic 5E, or their active ingredients, chlorpyrifos-methyl or pirimiphos-methyl, respectively, as set forth in the list of products attached as Exhibit E to the Agreement. The following entities and individuals are excluded from the Settlement Class: (a) Defendants and their immediate families, the officers, directors and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest; (b) distributors, retailers, and other resellers of Morning Song Bird Food; (c) judicial officers and their immediate family members and associated court staff assigned to this case; and (d) all those otherwise in the Settlement Class who timely and properly exclude themselves from the Settlement Class as provided in the Agreement and this Preliminary Approval Order.

4. The Court preliminarily concludes, based on its prior order granting certification of a litigation class and the information submitted to date, that the requirements of Federal Rule of Civil Procedure 23 have been satisfied. Specifically, the Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members; (c) the claims of Plaintiffs as representative plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately protected and represented the interests of the Settlement Class; and (e) a settlement class is superior to other available methods for fairly and efficiently adjudicating the claims and disputes at issue in this Action. Defendants retain all rights to challenge whether the Action may proceed as a class action, except for settlement purposes only.

5. The Court hereby appoints Plaintiffs Laura Cyphert, Milt Cyphert, Ellen Larson, and David Kirby as the Settlement Class representatives and Robbins Geller Rudman & Dowd LLP, Dowd & Dowd P.C., and The Driscoll Firm, P.C. as Class Counsel.

6. The Court preliminarily approves the Settlement set forth in the Agreement as fair, reasonable, adequate, and in the best interests of the Settlement Class.

7. A hearing (the "Fairness Hearing") shall be held on **June 3, 2019 at 2:30 p.m.** in Courtroom 13B of the United States District Court for the Southern District of California, at the James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, California 92101, to determine: (a) whether the Settlement Class should be finally certified; (b) whether the Settlement set forth in the Agreement should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) whether a final

judgment should be entered dismissing the claims of the Plaintiffs and the Settlement Class Members with prejudice, as required by the Agreement and releasing claims as required by the Agreement; (d) whether and, if so, in what amount to award Attorneys' Fees and Expenses to Class Counsel pursuant to the fee application to be filed as referenced in this Order (if any); (e) whether and, if so, in what amount to award Service Awards to Plaintiffs in recognition of their time and service to the Settlement Class pursuant to the application to be filed as referenced in this Order (if any); and (f) any objections to the Settlement, the application for Attorneys' Fees and Expenses, and/or the application for Service Awards.

8. All papers in support of final approval of the Settlement shall be filed with the Court and served upon all counsel of record by **April 29, 2019**. Class Counsel shall file with the Court and serve upon all counsel of record any application, and all papers in support of any such application, for an award of Attorneys' Fees and Expenses and/or for Service Awards for Plaintiffs by **April 29, 2019**. Any reply papers shall be filed with the Court and served upon all counsel of record by **May 24**, **2019**.

9. Having reviewed the form and content of the proposed forms of the Long-Form Notice and the Publication Notice submitted by the Parties as Exhibits 1 and 2 to their January 9, 2019 joint motion, as well as the Retailer-Identified Refund Notice submitted by the Parties as Exhibit H to the Agreement, the Court hereby approves such Notices. The Parties shall have discretion to jointly make minor non-material revisions to the Notices before emailing, mailing, and/or publishing them.

10. The Court finds and determines that dissemination and publication of the Notices as set forth in the Notice Plan in the Agreement constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the matters set forth in the Notices to all persons entitled to receive

notice, and fully satisfies the requirements of due process and of Federal Rule of Civil Procedure 23.

11. KCC LLC is hereby appointed as the Settlement Administrator, to implement and administer the Notice Plan and the Settlement, including the claims process and Refunds as described in the Agreement, subject to the oversight of the Parties and this Court.

12. The Court directs the Settlement Administrator to review the Retailer Records and information provided by Class Counsel and Defendants' Counsel to identify recipients of the Retailer-Identified Refund Notice and the Long-Form Notice per the terms of the Parties' Agreement. The Settlement Administrator shall keep and maintain Settlement Class Member contact information as confidential and shall use such information only for purposes of the Settlement.

13. The Court directs the Settlement Administrator to commence dissemination of the Retailer-Identified Refund Notices and Long-Form Notices, as set forth in the Agreement, within thirty (30) days after entry of this Order and to commence publication of the Publication Notice, as set forth in the Agreement, within thirty (30) days after entry of this Order or as soon as reasonably practicable thereafter. In addition, the Court directs the Settlement Administrator: (a) to establish a settlement website and post to it the Long-Form Notice and Claim Form as well as other important documents and deadlines in consultation with Class Counsel and Defendants' Counsel; (b) to establish a post-office box for the receipt of any Settlement-related correspondence; (c) to establish a toll-free telephone number that will provide automated Settlement-related information to Settlement Class Members; (d) to respond to inquiries or requests from Settlement Class Members in consultation with Class Counsel and Defendants' Counsel; and (e) to respond to inquiries or requests from Class Counsel, Defendants' Counsel, and the

Court. The Settlement Administrator and the Parties shall promptly send copies of any requests for exclusion, objections, and related correspondence to each other.

14. By **May 24, 2019**, the Settlement Administrator shall file with the Court the details outlining the scope, method, and results of the Notice Plan.

15. Not later than ten (10) days after the filing of the Agreement with the Court, Defendants shall serve, or cause to be served, notice of the proposed Settlement upon the appropriate federal and state officials in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 *et seq.* ("CAFA"). By **May 24, 2019**, Defendants' Counsel shall serve, or cause to be served, on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

16. The Court approves the Claim Form submitted by the Parties as Exhibit A to the Agreement. The Parties shall have discretion to jointly make minor non-material revisions to the Claim Form distributing it to the Settlement Class.

17. Any Settlement Class Member who wishes to request a Proof of Purchase Refund and/or a Claim Form Refund shall submit a Claim Form with all supporting documentation (including Proof of Purchase and Claim Form Affidavit, respectively) to the Settlement Administrator by regular, first-class mail or via the settlement website by **July 1, 2019**.

18. Any and all Retailer-Identified Refunds, Proof of Purchase Refunds, Claim Form Refunds, Supplemental Claim Form Refunds, and Second Supplemental Claim Form Refunds shall be issued to Settlement Class Members in accordance with the procedures set forth in the Agreement.

19. Any Settlement Class Member who intends to object to the fairness of the Settlement, Class Counsel's request for Attorneys' Fees and Expenses, Plaintiffs' request for Service Awards, or any other aspect of the Settlement must serve and file a written objection explaining why he or she believes the Settlement should not be

approved by the Court as fair, reasonable, and adequate. The written statement of the objection must include a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each such objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention. That written statement also must contain the Settlement Class Member's printed name, address, telephone number, and Morning Song Bird Food product purchases forming the basis of the Settlement Class Member's inclusion in the Settlement Class, and any other supporting papers, materials, or briefs the Settlement Class Member wishes the Court to consider when reviewing the objection. The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and must state with specificity the grounds for the objection. A Settlement Class Member seeking to make an appearance at the Fairness Hearing must file with the Court, by **May 13, 2019**, written notice of his or her intent to appear at the Fairness Hearing. Lawyers asserting objections on behalf of Settlement Class Members also must file a notice of appearance with the Court by **May 13, 2019**. Any Person filing an objection shall, by doing so, submit himself or herself to the exclusive jurisdiction and venue of the Court, and shall agree to be subject to discovery by the Parties with respect to both the objection and any objections to other class action settlements lodged by the objector.

20. Any notice of intention to appear and objection must be addressed to the Clerk of Court; must refer to the action *In re Morning Song Bird Food Litigation*, Lead Case No. 3:12-cv-01592-JAH-AGS, and must be filed with, and received by, the Clerk of Court by **May 13, 2019**, by hand delivery or first class mail, postage prepaid, at:

    Clerk of Court
    U.S. District Court for the
        Southern District of California
    James M. Carter and Judith N. Keep
        United States Courthouse

| | |
|---|---|
| 1 | 333 West Broadway<br>San Diego, California 92101 |

Copies of any such submission and all included materials also must be served upon the following counsel by hand delivery or first class mail, postage prepaid, on or before that same date:

| | |
|---|---|
| Rachel L. Jensen<br>ROBBINS GELLER RUDMAN<br>  &amp; DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br><br>*Class Counsel* | Edward Patrick Swan, Jr.<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA 92121-3134<br><br>*Counsel for Defendants The Scotts Miracle-Gro Company and The Scotts Company LLC*<br><br>Mark Holscher<br>KIRKLAND & ELLIS LLP 333<br>South Hope Street<br>Los Angeles, CA 90071<br><br>*Counsel for Defendant James Hagedorn* |

21. No Person shall be entitled to object to the Settlement, to the final judgment to be entered in this Action, to any award of Attorneys' Fees and Expenses to Class Counsel, or to any Service Award to Plaintiffs, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required by the Notice and the terms of this Order. Any Settlement Class Member who fails to object in the manner and by the date required shall be deemed to have waived and forfeited any and all rights he or she may have to object to the Settlement and/or to appear and be heard on his or her objection at the Fairness Hearing (including any right to appeal), shall be forever barred from raising such objections in this Action or any other action or proceeding, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments, including, but not limited to, the release of the Plaintiffs' Released Claims.

22. Any Settlement Class Member who wishes to exclude himself or herself from the Settlement must personally sign and submit a written request to opt out stating "I wish to exclude myself from the Settlement Class in *In re Morning Song Bird Food Litigation*" (or substantially similar clear and unambiguous language) to the Settlement Administrator on or before **May 13, 2019**. The written request must also include: the Settlement Class Member's printed name, address, and telephone number; a statement that the individual requesting exclusion is a Settlement Class Member; and the Morning Song Bird Food purchased with approximate dates, retailers, product type, and purchase.

23. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

24. If a Settlement Class Member timely and validly has excluded himself or herself from the Settlement Class, such Settlement Class Member shall not be legally bound by the terms of the Settlement, shall not receive any benefits of the Settlement, including any Refunds, and shall not be able to object to any aspect of the Settlement.

25. Not later than seven (7) days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court a list of those Persons who have timely and validly excluded themselves from the Settlement. The Court retains jurisdiction to resolve any disputed exclusion requests.

26. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Court may, from time to time, reschedule or postpone the Fairness Hearing without further notice to the Settlement Class.

27. All proceedings in this Action, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court. From the date of entry of this Order until this Court determines whether the Final Order and Judgment should be entered, Plaintiffs and all Settlement Class Members, and any of them, are barred and enjoined from initiating, asserting and/or prosecuting, in any capacity, any of Plaintiffs' Released Claims, including any Unknown Claim, against any Released Defendant in any court or any forum.

28. If the Court does not approve the Settlement, or the Settlement does not become effective for any reason whatsoever: (a) the Settlement (including any modification of it made with the consent of the Parties as provided for in the Agreement), any class certification in this Order, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered regarding the Settlement) shall be terminated and shall become null and void and shall have no further force and effect and no Party shall be bound thereby; (b) all of the provisions of the Agreement, and all negotiations, statements, and proceedings relating to it, shall be without prejudice to the rights of Defendants, Plaintiffs, or any Settlement Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of the Agreement, except that the Parties shall cooperate in requesting a new scheduling order such that no Party's substantive or procedural rights are prejudiced by the settlement negotiations and proceedings; (c) neither the Agreement, the fact of its having been entered into, nor the negotiations leading to it shall be offered into evidence for any purpose whatsoever; (d) Scotts shall bear all reasonable and necessary costs incurred by the Settlement Administrator in connection with the implementation of this Settlement up until its termination, including the Initial Costs Cap and any other Notice and Administration Expenses agreed to by the Parties or ordered by the Court; and (e) within five (5)

business days, any funds in the Settlement Fund Account, including any interest accrued, shall be returned to Scotts, minus incurred Notice and Administration Expenses and Taxes and Tax Expenses.  If a Settlement Class Member has (a) timely submitted a valid Claim Form, and (b) received any Refund or any compensation pursuant to the Agreement prior to its termination or invalidation, such a Settlement Class Member and Defendants shall be bound by the terms of their respective Releases set forth in the Agreement, which terms shall survive termination or invalidation of the Agreement or the Settlement.

29. Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any Released Defendant or Released Plaintiff or Settlement Class Member; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Defendant or Released Plaintiff or Settlement Class Member in any civil, criminal, regulatory, or administrative proceeding in any court, administrative agency or other tribunal.  Nor shall the Agreement be deemed an admission by any Party as to the merits of any claim or defense.

30. The Court shall retain exclusive and continuing jurisdiction over all Parties, the Action, and the Agreement to resolve any dispute that may arise regarding the Agreement, the Settlement, or in relation to the Action, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Agreement and the Settlement.  The Court retains ongoing and exclusive jurisdiction and independent case management authority regarding the general administration of the Settlement and the Settlement Administrator.

31. The Court may approve amendments, modification, or expansion of the terms and provisions of the Agreement as may be agreed to by the Parties in writing without further notice to the Settlement Class.

32. The hearing set for February 4, 2019 is VACATED.

IT IS SO ORDERED.

DATED: January 31, 2019

_____
THE HONORABLE JOHN A HOUSTON
UNITED STATES DISTRICT JUDGE