UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MORNING SONG BIRD FOOD LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No.<br>3:12-cv-01592-JAH-AGS<br><br>CLASS ACTION<br><br>ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT<br><br>DATE:    June 3, 2019<br>TIME:    2:30 p.m.<br>DEPT:    13B<br>JUDGE:  Honorable John A. Houston |

4816-7754-3832.v1

WHEREAS, the consolidated action captioned *In re Morning Song Bird Food Litigation*, Lead Case No. 3:12-cv-01592-JAH-AGS, and all of the actions consolidated in and related to it (the "Action") is pending before the Court;

WHEREAS, the parties to the Action have applied pursuant to Rule 23 of the Federal Rules of Civil Procedure for final approval of the proposed settlement (the "Settlement") in accordance with the Stipulation of Class Action Settlement entered into by the Parties on December 7, 2018 (the "Agreement"), a copy of which was filed with the Court on December 7, 2018 (ECF 510-2), and have consented to the entry of this Final Order and Judgment;

WHEREAS, pursuant to the Court's Order of January 31, 2019 (the "Preliminary Approval Order"), this Court held a hearing on June 3, 2019 (the "Fairness Hearing"), on the Agreement in the Action;

WHEREAS, due notice of the Fairness Hearing was given to the Settlement Class, as defined, in accordance with the Preliminary Approval Order, and such notice was adequate and sufficient;

WHEREAS, the Parties to the Action appeared at the Fairness Hearing by their respective attorneys of record and were heard in support of the Settlement of the Action and all other persons desiring to be heard who properly and timely filed and served objections and/or notices of intent to appear were given an opportunity to be heard as provided in the Notices;

WHEREAS, the Court having considered the Settlement, having reviewed the Agreement, its Exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in this Action, and being otherwise fully advised, and good cause appearing therefor:

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The capitalized terms used in this Order shall have the same meanings as defined in the Agreement unless otherwise specified or defined in this Order.

2. The Court has jurisdiction over the subject matter of this Action and has determined that it has jurisdiction over all Parties to the Action as set forth in prior filings, including all Settlement Class Members who did not timely exclude themselves from the Settlement Class. The list of excluded Class Members is attached as Exhibit A.

3. For purposes of the Settlement only, the Court finally certifies the Settlement Class, which consists of all Persons who, between November 1, 2005 and May 1, 2008, purchased and have not yet received a full refund for their Morning Song Bird Food purchases. "Morning Song Bird Food" means any Scotts wild bird food product containing Storcide II, Actellic 5E, or their active ingredients, chlorpyrifos-methyl or pirimiphos-methyl, respectively, as set forth in the list of products attached as Exhibit E to the Agreement. The following entities and individuals are excluded from the Settlement Class: (a) Defendants and their immediate families, the officers, directors and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest; (b) distributors, retailers, and other resellers of Morning Song Bird Food; (c) judicial officers and their immediate family members and associated court staff assigned to this case; and (d) all those otherwise in the Settlement Class who timely and properly excluded themselves from the Settlement Class as provided in the Agreement and the Preliminary Approval Order.

4. All Persons who satisfy the Settlement Class definition above, except those Settlement Class Members who timely and validly excluded themselves from the Settlement Class, are Settlement Class Members bound by this Final Order and Judgment.

5. The Court concludes that the requirements of Federal Rule of Civil Procedure 23 have been satisfied. Specifically, the Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable;

1  (b) there are questions of law and fact common to the Settlement Class, and such
2  questions predominate over any questions affecting only individual members; (c) the
3  claims of Plaintiffs as representative plaintiffs are typical of the claims of the
4  Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately
5  protected and represented the interests of the Settlement Class; and (e) a settlement
6  class is superior to other available methods for fairly and efficiently adjudicating the
7  claims and disputes at issue in this Action.

8      6.    The Court finally appoints Plaintiffs Laura Cyphert, Milt Cyphert,
9  Ellen Larson, and David Kirby as the Settlement Class representatives and Robbins
10 Geller Rudman & Dowd LLP, Dowd & Dowd P.C., and The Driscoll Firm, P.C. as
11 Class Counsel.

12     7.    The Parties complied in all material respects with the Notice Plan set
13 forth in the Agreement.  The Court finds and determines that dissemination and
14 publication of the Notices as set forth in the Notice Plan in the Agreement constituted
15 the best notice practicable under the circumstances, constituted due and sufficient
16 notice of the Settlement and the matters set forth in the Notices to all persons entitled
17 to receive notice, and fully satisfied the requirements of due process and of Federal
18 Rule of Civil Procedure 23.  Defendants further caused to be served on the United
19 States Attorney General and all State Attorneys General notice pursuant to the Class
20 Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA"), and the form and
21 manner of that notice is hereby determined to be in full compliance with CAFA.

22     8.    The Court has determined that full opportunity has been given to
23 Settlement Class Members to opt out of the Settlement, to object to the terms of the
24 Settlement, any award of Attorneys' Fees and Expenses to Class Counsel, or any
25 Service Award to Plaintiffs, or otherwise to be heard at the Fairness Hearing.

26     9.    The Court has considered all submissions and arguments made at the
27 Fairness Hearing and finds that the Settlement is fair, reasonable, adequate, and in
28

the best interests of the Settlement Class. The Court therefore finally approves the Settlement for all the reasons set forth in the Motion for Final Approval.

10. The Action, the claims asserted in the Action, and Plaintiffs' Released Claims (as defined below) are hereby dismissed with prejudice as to all Released Defendants.

11. As of the Effective Date, any and all claims of every nature and description whatsoever, whether direct, derivative or brought in any other capacity, whether class or individual, ascertained or unascertained, suspected or unsuspected, asserted or unasserted, accrued or unaccrued, existing or claimed to exist, known and unknown, foreseen or unforeseen, fixed or contingent, liquidated or not liquidated, in law or equity that have been or could have been asserted against any of the Released Defendants (as defined below), in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal, state, or common law and any statutory claims), by or on behalf of Releasing Plaintiffs and Settlement Class Members (as defined below), related to, arising from, or based upon, in whole or in part, the manufacture, sale, marketing, business operations, communications, transactions, or any other activity relating to Morning Song Bird Food or the manufacture or sale of wild bird food by any Scotts affiliate or the litigation or defense of this Action ("Plaintiffs' Released Claims") shall be released, fully discharged, waived, and finally terminated. This release shall include the release of Unknown Claims (as defined below). For avoidance of doubt, Plaintiffs' Released Claims shall not include the right to enforce the terms of the Settlement or the Agreement, Preliminary Approval Order, Final Order and Judgment, and other orders or judgments issued by the Court relating to Notice or the Settlement.

12. "Released Defendants" means each and all of the Defendants and Defendants' Counsel and, to the fullest extent permissible under law, each of their respective current and former employees, fiduciaries, control persons, general or limited partners or partnerships, joint ventures, member firms, limited liability

companies, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors, consultants, attorneys, personal or legal representatives, accountants, insurers (and anyone whom any of them may have an obligation to indemnify regarding the subject matter of the Action), coinsurers, reinsurers, family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, foundations, agents, and associates of each and all of the foregoing.

13.     "Releasing Plaintiffs and Settlement Class Members" means every current and former plaintiff and each Settlement Class Member, in their individual or representative capacities, and Class Counsel, and their respective heirs, agents, attorneys, trusts, executors, estates, assigns, representatives, spouses, family members, or anyone claiming injury on their behalf.

14.     "Unknown Claims" means any of Plaintiffs' Released Claims that any Releasing Plaintiff or Settlement Class Member does not know or suspect to exist in his or her favor at the time of the release, which, if known by him or her, might have affected his or her settlement with and release of the Released Defendants, or might have affected his or her decision not to object to this Settlement or seek exclusion from this Settlement. With respect to any and all Plaintiffs' Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and relinquish and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal or foreign law or principle of common law, which may have the effect of limiting the release set forth in this Order. This includes a waiver by the Releasing Plaintiffs and Settlement Class Members of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable,

or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Releasing Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Plaintiffs' Released Claims, but Plaintiffs shall expressly settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever settled and released any and all Plaintiffs' Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of this Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this Release is a part.

15. Upon the Effective Date, the Agreement shall be the sole and exclusive remedy for any and all of Plaintiffs' Released Claims, including Unknown Claims, by any and all of Releasing Plaintiffs and Settlement Class Members against any and all Released Defendants. No Released Defendant shall be subject to liability of any kind to any Releasing Plaintiff or Settlement Class Member with respect to any of Plaintiffs' Released Clams. Upon the Effective Date, and subject to fulfillment of all of the terms of the Agreement, each and every Releasing Plaintiff and Settlement Class Member shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any of Plaintiffs' Released Claim, including any Unknown Claim, against the Released Defendants in any court or any forum.

16. On the Effective Date, each of the Released Defendants shall all release, discharge, and waive any and all claims (including Defendants' Unknown Claims) related to the institution, prosecution, or settlement of the Action other than to enforce the terms of the Settlement or the Agreement, Preliminary Approval Order, Final Order and Judgment, and other orders or judgments issued by the Court relating to Notice or the Settlement ("Defendants' Released Claims"), against every current and former plaintiff, each Settlement Class Member, and Class Counsel ("Released Plaintiffs and Settlement Class Members"). "Defendants' Unknown Claims" means any of Defendants' Released Claims that Released Defendants do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to settle with and release the Defendants' Released Claims against the Released Plaintiffs and Settlement Class Members. Released Defendants acknowledge that they have been informed by Defendants' Counsel of section 1542 of the California Civil Code and expressly waive and relinquish any rights or benefits available to them under it and any similar state statute.

17. Plaintiffs and all Settlement Class Members, and any of them, are barred and enjoined from initiating, asserting and/or prosecuting, in any capacity, any of Plaintiffs' Released Claims, including any Unknown Claim, against any Released Defendant in any court or any forum.

18. The effectiveness of this Final Order and Judgment and the obligations of Plaintiffs, Class Counsel, the Settlement Class, and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that concerns only the award of Attorneys' Fees and Expenses or any Service Award (at all or in any particular amount) or the procedures for determining Settlement Class Members' claims in a manner that does not otherwise impact the validity or finality of the Settlement.

19. The Court further orders, adjudges, and decrees that all other relief be, and is hereby, denied, and that this Final Order and Judgment disposes of all the claims that were or could have been brought as to all the Parties in the Action.

20. Without affecting the finality of this Final Order and Judgment, the Court hereby retains and reserves jurisdiction to resolve any dispute that may arise regarding the Agreement, the Settlement, or in relation to the Action, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Agreement and the Settlement.

21. Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any Released Defendant or Released Plaintiff or Settlement Class Member or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Defendant or Released Plaintiff or Settlement Class Member in any civil, criminal, regulatory, or administrative proceeding in any court, administrative agency or other tribunal. Nor shall the Agreement be deemed an admission by any Party as to the merits of any claim or defense.

22. In the event that this judgment does not become "effective" or "final" as defined in the Agreement, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and this Final Order and Judgment shall be vacated. In such event, all orders entered in connection with the Settlement shall be null and void, and the Settlement Class shall be decertified. In such event, the Action shall return to its status prior to execution of the term sheet.

23. All Parties and their respective counsel in the Action complied with the provisions of Federal Rule of Civil Procedure 11 in prosecuting or defending the Action.

24. The Parties to the Agreement are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms. Without further order of the Court, the Parties may agree to modification of the Agreement, including, without limitation, extensions of time and other terms relating to the processing of Claim Forms and issuance of Refunds, if such changes are consistent with this Final Order and Judgment and do not materially limit the rights of Settlement Class Members.

There is no just reason for delay in the entry of this Final Order and Judgment, and the Clerk is directed to enter and docket this Final Order and Judgment in the Action.

IT IS SO ORDERED.

DATED: June 3, 2019

THE HONORABLE JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

# UPDATED EXHIBIT A

*In re Morning Song Bird Food Litigation*, No. 3:12-cv-01592-JAH-AGS

## INDIVIDUALS WHO HAVE VALIDLY AND TIMELY REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS

1. Marvin Larson
2. Earl Vanmeter
3. Larry Mast
4. James Ouzts
5. Arthur Britton, Jr.
6. Elizabeth Godar
7. Marilyn Fetters
8. Anne Garber
9. Elaine Keeton
10. James Smith
11. Larry Bosher
12. John Yoder
13. Marilyn Schumann
14. Peggy Haskin
15. Harley Phillips
16. Robert Ives, Jr.
17. Beth Sukraw
18. Jeri Davis
19. Mary Jacobs
20. Donald Bisila
21. Jerome Dudek
22. Joyce Hammond
23. Melvin C. Miller
24. Merlin Metzger
25. Martha Sue Gaston
26. Janet M. Wolf
27. Kristine Lou Sarver
28. Paul G. Ruby
29. Tim Wagler
30. Paul Bell
31. Judith Pyska
32. Judy M. Hudson
33. Robert Whittaker
34. Sean Dupperon
35. Bill Spielman